UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JASON R. NELSON and JOELLE NELSON,<br><br>     Plaintiffs,<br><br>v.<br><br>NAVISTAR INTERNATIONAL CORP.,<br>f/k/a NAVISTAR HOLDING, INC.,<br>NAVISTAR INC.<br>ALTEC, INC.<br>ALTECT INDUSTRIES, INC.,<br>ALTEC CORPARATION [sic]<br>ALTEC NORTHEAST, LLC<br>ASC TECHNICAL SERVICES CORP.,<br>f/k/a ALTEC SERVICE CORP.,<br>JOE DOES 1-25 (fictitious),<br>JANE DOE CORPORATIONS 26-50<br>(ficticious) [sic],<br><br>     Defendants. | Civil Action No.: |

**NAVISTAR, INC. AND NAVISTAR INTERNATIONAL
CORP., f/k/a NAVISTAR HOLDING, INC.'S NOTICE OF REMOVAL**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

   Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Navistar, Inc. ("Navistar") and Navistar International Corp. f/k/a Navistar Holding, Inc. ("Navistar International") hereby remove the Bristol Superior Court action filed by Jason R. Nelson and Joelle Nelson (the "Nelsons") to the United States District Court for the District of Massachusetts.

**Summary of Case Background**

1. The Nelsons filed Bristol Superior Court Civil Action No.: 2273CV00349 against Navistar International and Altec, Inc. on May 13, 2022 (the "Bristol Superior Court Action").

2. The Nelsons filed a First Amended Complaint in the Bristol Superior Court Action against Navistar International Corp., f/k/a Navistar Holding, Inc., Navistar Inc. (collectively, "Navistar"), Altec, Inc., Altec Industries, Inc., Altec Corporation, Altec Northeast, LLC, ASC Technical Services Corp., f/k/a Altec Service Corp. ("ASC"), "John Does 1-25 (fictitious)" and "Jane Doe Corporations 26-50 (ficticious) [sic]" (collectively, the "defendants").

3. Navistar, Inc. was served with a Summons, the Complaint and First Amended Complaints, Civil Tracking Order and Motion for Appointment of Special Process Server in the Bristol Superior Court Action on August 2, 2022. Attached as Exhibit "A" is a copy of the CSC Notice of Service of Process on Navistar, Inc., Summons, Tracking Order, Complaint, First Amended Complaint and Motion for Appointment of Special Process Server under Rule 4.

4. According to the Return of Service filed by Plaintiffs on or about August 9, 2022, service was made on Navistar International's registered agent, Corporation Services Co., on or about August 2, 2022. Return of Service for Navistar International, attached as Exhibit B.

5. The Nelsons allege that Jason Nelson fell from a bucket lift on May 21, 2019 and was seriously injured. Ex. A, First Amended Complaint at ¶ 1.

6. The Nelsons allege the defendants breached warranties of merchantability (Counts I and II), were negligent (Count III), failed to warn (Count IV), negligently and intentionally inflicted emotional distress (Counts V and VI), breached express and implied warranties (Counts VII and VIII) and are liable for strict liability, punitive damages and loss of consortium (Counts IX through XI). *Id.*

7. The Nelsons allege that Jason Nelson sustained severe and permanent injuries, including paraplegia, and that as a result, has lost wages, incurred and will incur medical care costs and that Joelle Nelson has suffered a loss of consortium. *Id.*

### **REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446**

8. The United States District Court for the District of Massachusetts has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States." 28 U.S.C. § 1332(a)(1).

9. Actions can be removed from state to federal court "only if none of the parties in interest properly joined and served as defendants is a citizen of the State of which such action is brought." 28 U.S.C. § 1441(b).

10. Pursuant to 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action…shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based… ."

11. Both of the Nelsons are Rhode Island citizens and residents. Ex. A, First Amended Complaint at ¶¶ 2-3.

12. Navistar, Inc. is a Delaware corporate with its principal place of business in Lisle, Illinois. *Id.* at ¶ 5.

13. As alleged, Navistar International Corp. is a Delaware corporation with its principal place of business in Lisle, Illinois. *Id.* at ¶ 5.

14. Altec, Inc. is a foreign corporation organized under the laws of Alabama with its principal place of business in Birmingham, Alabama. *See* Altec, Inc.'s Answer to the Plaintiffs' First Amended Complaint and Jury Demand ("Altec Answer") at ¶ 7, attached as Ex. C.

15. Altec Industries, Inc. is a foreign corporation organized under the laws of Alabama with its principal place of business in Birmingham, Alabama. *Id.* at ¶ 8.

16. Altec Northeast, LLC is an Alabama limited liability company with a principal place of business in Birmingham, Alabama. *Id.* at ¶ 10. Altec, Inc. is the only member of this LLC and is an Alabama corporation with a principal place of business in Birmingham, Alabama. See ¶ 14, *supra*.

17. Altec Corporation is a defunct corporation, no longer in existence. August 26, 2022 Affidavit of Mackenzie L. Brockmyre in Support of Navistar's Notice of Removal ("Brockmyre Aff.") at ¶¶ 9-10. Altec Corporation was a Delaware corporation with its principal place of business in Anaheim, California. *Id*.

18. ASC Technical Services Corporation f/k/a Altec Service Corp. ("ASC") is a defunct corporation, no longer in existence. Brockmyre Aff. at ¶¶6-7. ASC was a Delaware corporation with its principal place of business in Texas. *Id.*

19. The Nelsons claim damages exceeding $5,000,000. 28 U.S.C. § 1332(a). Bristol Superior Court Action Civil Action Cover Sheet, attached as Ex. D. Given the damages alleged, this matter clearly meets the amount in controversy requirement contained in the statute.

20. There is complete diversity between the Nelsons and all defendants. 28 U.S.C. § 1332(a)(1).

21. Navistar, Altec, Inc., Altec Industries, Inc., Altec Corporation, Altec Northeast, LLC and ASC are not Massachusetts residents. 28 U.S.C. § 1441(b).

22. This Notice of Removal is being filed within 30 days of service of the Nelsons' Bristol Superior Court Action on Navistar and Navistar International. 28 U.S.C. § 1446(b).

23. Pursuant to 28 U.S.C. § 1441(a), venue is proper because this is the federal judicial district and division embracing Bristol County Superior Court where the action was filed originally.

24. Defendants Altec, Inc., Altec Industries, Inc. and Altec Northeast, LLC, consent to the removal of this action. 28 U.S.C. § 1446(b)(2)(A).

25. ASC and Altec Corporation are non-existent and/or defunct entities. Navistar is unable to establish contact to obtain consent to the removal of this action. Brockmyre Aff. at ¶¶ 5, 8.

26. There is no return of service on file and, upon information and belief, Altec Corporation has not been properly served as required by 28 U.S.C. § 1446(b)(2)(A).

27. Altec Corporation is no longer in existence and good standing under the law of the State of Delaware, having become "forfeited" as of February 25, 1991. Brockmyre Aff. at ¶ 9. Altec Corporation voluntarily dissolved in the State of Texas on or about August 16, 1978. *Id.* at ¶ 10.

28. ASC is no longer in existence and good standing under the laws of the State of Delaware, having been "inoperative and void" since March 1, 2007. *Id.* at ¶ 6. ASC forfeited its corporate existence and became inactive in the State of Texas on or about February 10, 2006. *Id.* at ¶ 7.

29. Altec Corporation and ASC are nominal defendants because they are defunct entities and therefore, no consent of them is required. *See Hill v. City of Boston*, 706 F. Supp. 966, 968 (D. Mass. 1989) (holding that the exception to the general rule that all defendants must be

joined in the removal petition applies to nominal, unknown and fraudulently joined defendants) (citing 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3731, at 504–10 (2d ed. 1985); 1A J. Moore, B. Ringle & J. Wicker, Moore's Federal Practice ¶ 0.168[3–2], at 547–60 (2d ed. 1987)). "A defendant is nominal if there is no reasonable basis for predicting that it will be held liable." *Acosta Oliveras v. Pittsburgh Corning Corp.*, 36 F.Supp.2d 443, 448 (D. Puerto Rico 1999) (citing *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir. 1993)). Courts have defined a nominal party to be a corporation with no assets or one that is not actively engaged in business. *See Egle Nursing Home, Inc. v. Erie Ins. Group*, 981 F.Supp. 932, 933 (D. Md. 1997); *see also Ledwell v. Ravenel*, 843 Fed. Appx. 506, 507 (4th Cir. 2021) ("Determining nominal party status is a practical inquiry, focused on the particular facts and circumstances of a case.... Ultimately, the key inquiry is whether the suit can be resolved without affecting the non-consenting nominal defendant in any reasonably foreseeable way") (internal citations and quotations omitted). The term "nominal" applies to defunct entities. *See Maryland v. Exxon Mobil Corp.*, F. Supp. 3d 435, 469-470 (D. Md. Nov. 21, 2018) (consent of defunct corporation not required for removal); *Michigan Dep't of Transp. v. Allstate Painting & Contracting Co.*, 2009 WL 891702, at *1 (W.D. Mich. Mar. 31, 2009) (consent of defunct corporation not required for removal); *Shaffer v. Nw. Mut. Life Ins. Co.*, 394 F. Supp. 2d 814, 819 (N.D.W. Va. 2005) (same); *Mayes v. Moore*, 367 F. Supp. 2d 919, 921-22 (M.D.N.C. 2005) (same). While not specifically referencing nominal defendants, the Massachusetts District Court has stated that defendants who are defunct and/or have not yet been served do not need to consent to removal nor do they need to be "considered in connection with the timeliness of the removal." *See Cambridge Place Inv. Management, Inc. v. Morgan Stanley & Co., Inc.*, 2010 WL 6580512 at *10 (D. Mass. 2010) (citing *Michigan Dep't of Transp.,* 2009 WL891702 at *1). Therefore, since Altec Corporation and ASC are nominal

defendants, specifically defunct entities form which consent cannot be obtained, no consent from these entities is required.

30. All defendants that have been properly joined and served have consented to the removal of this action.

31. Navistar will file promptly a copy of this Notice of Removal with the Bristol County Superior Court Clerk and serve a copy of on all adverse parties pursuant to 28 U.S.C. § 1446(d).

32. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11 as required by 28 U.S.C. § 1446(a).

33. Navistar does not waive any available defense by filing this Notice of Removal.

34. Navistar demands a jury trial pursuant to Fed. R. Civ. P. 38.

35. Navistar requests the opportunity to brief and respond, both in writing and orally, against any Motion for Remand filed by the Nelsons.

**NAVISTAR, INC. and NAVISTAR INTERNATIONAL CORP.**
By their Attorneys,

*/s/ Holly M. Polglase*
Holly M. Polglase (BBO #553271)
hpolglase@hermesnetburn.com
Mackenzie L. Brockmyre (BBO #708980)
mbrockmyre@hermesnetburn.com
HERMES, NETBURN, O'CONNOR
& SPEARING, P.C.
265 Franklin Street, Suite 701
Boston, MA 02110
(617) 728-0050

Dated: August 26, 2022

## CERTIFICATION PURSUANT TO 28 U.S.C. § 1446(d)

I, Holly M. Polglase, Esq., hereby certify that on this 26th day of August, 2022, I provided **written notice** of removal to all adverse parties by serving a true and accurate copy of the Notice of Removal with all exhibits on the following counsel via first class mail and email:

Jonathan D. Orent
jorent@motleyrice.com
Robert J. McConnell
bmcconnell@motleyrice.com
Vincent Greene
vgreene@motleyrice.com
MOTLEY RICE LLC
55 Cedar Street, Suite 100
Providence, RI 02903
(401) 457-7700

Christopher B. Parkerson
cparkerson@Campbell-trial-lawyers.com
CAMPBELL, CONROY AND O'NEIL, P.C.
20 City Square, Suite 300
Boston, MA 02129
(617) 241-3075

And a true and accurate copy of the Notice of Removal with all exhibits has this day been **filed** with the clerk of the state court via the online Odyssey Filing Service:

Bristol Superior Court
Civil Clerk's Office
441 County Street, 1st Floor
New Bedford, MA 02740

*/s/ Holly M. Polglase*
Holly M. Polglase