# EXHIBIT A



**null / ALL**
**Transmittal Number: 25316122**
**Date Processed: 08/02/2022**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Mary Pawlowski<br>Navistar, Inc.<br>2701 Navistar Dr<br>Lisle, IL 60532-3637 |
| **Electronic copy provided to:** | Eleanor Cabrere<br>Marianne Troscinski<br>Ruth Ann Patterson-Garcia<br>Jamila Covington |

| | |
|---|---|
| **Entity:** | Navistar, Inc.<br>Entity ID Number  3895807 |
| **Entity Served:** | Navistar, Inc. |
| **Title of Action:** | Jason R. Nelson vs. Navistar International |
| **Matter Name/ID:** | Jason R. Nelson vs. Navistar International (12639368) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Breach of Warranty |
| **Court/Agency:** | Bristol County Superior Court, MA |
| **Case/Reference No:** | 2273CV00349 |
| **Jurisdiction Served:** | Massachusetts |
| **Date Served on CSC:** | 08/02/2022 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Motley Rice LLC<br>401-457-7700 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

## Commonwealth of Massachusetts

BRISTOL, ss.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2273CV00349

Jason R. Nelson, and
Joelle Nelson
_____ PLAINTIFF(S),

vs.

Navistar International Corp, et al DEFENDANT(S)

### SUMMONS

THIS SUMMONS IS DIRECTED TO: Navistar, Inc. _____ (Defendant's name)

You are being sued. The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Bristol Superior Court. YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.

1.  You must respond to this lawsuit in writing within 20 days. If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.

2.  How to respond. To respond to this lawsuit, you must file a written response with the court and mail a copy to Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
    a.  Filing your signed original response with the Clerk's Office for Civil Business, Bristol Superior Court, 441 County St, New Bedford, MA 02740 (address), by mail or in person, AND
    b.  Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: Motley Rice LLC, 55 Cedar St, Suite 100, Providence, RI 02903.

3.  What to include in your response. An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as counterclaims) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "Motion to Dismiss", if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rulesofcourt.

A True Copy Attest

4.     Legal Assistance.  You may wish to get legal help from a lawyer.  If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.     Required information on all filings: The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss.  You should refer to yourself as the "Defendant".

Witness Hon. Heidi E. Brieger, Chief Justice on _____May 13,_____, 20 22.
(SEAL)

Marc J. Santos,
Clerk/Magistrate

NOTE: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20 ____, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____

_____

_____

Dated: _____, 20 ____     Signature: _____

N.B.    TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 2273CV00349 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Jason R Nelson et al vs. Navistar International et al | Marc J. Santos, Clerk of Court Bristol County |
|---|---|

| TO: File Copy | COURT NAME & ADDRESS Bristol County Superior Court - New Bedford 441 County Street, 1st floor New Bedford, MA 02740 |
|---|---|

## TRACKING ORDER - A - Average

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE | | |
|---|---|---|---|
| | SERVED BY | FILED BY | HEARD BY |
| Service of process made and return filed with the Court | | 08/11/2022 | |
| Response to the complaint filed (also see MRCP 12) | | 09/12/2022 | |
| All motions under MRCP 12, 19, and 20 | 09/10/2022 | 10/11/2022 | 11/09/2022 |
| All motions under MRCP 15 | 07/07/2023 | 08/07/2023 | 08/07/2023 |
| All discovery requests **and depositions** served and non-expert depositions completed | 05/02/2024 | | |
| All motions under MRCP 56 | 06/03/2024 | 07/01/2024 | |
| Final pre-trial conference held and/or firm trial date set | | | 10/29/2024 |
| Case shall be resolved and judgment shall issue by | | | 05/12/2025 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 05/16/2022 | ASSISTANT CLERK Dina Swanson | PHONE (508)996-2051 |
|---|---|---|

Date/Time Printed: 05-16-2022 09:03:50

Date Filed 5/13/2022 5:15 PM
Superior Court - Bristol
Docket Number

COMMONWEALTH OF MASSACHUSETTS

Bristol, SS                                                    Superior Court

JASON R. NELSON, and
JOELLE NELSON,
                    Plaintiffs,

v.

NAVISTAR INTERNATIONAL,
ALTEC, INC.
                    Defendants

:
:
:
:
:
:
:
:
:
:

## **COMPLAINT**

COMES NOW Plaintiffs, Jason R. Nelson and Joelle Nelson, and allege as follows:

### **INTRODUCTION**

1.     Plaintiff Jason R. Nelson was an employee of National Grid. On or about May 21, 2019, was working Norton, Massachusetts in his capacity as first class lineman. He was lifted approximately thirty-three and a half (33.5) feet up in the air in a bucket manufactured by Altec, Inc., model number Altec AN50E-OC. The bucket was attached to a truck manufactured by Navistar International, model 7400 manufactured in 2015. Despite the technology that was installed in other powerline trucks such as the one Mr. Nelson was working on, this specific truck failed to implement the available safety feature that would alert a user of the truck and/or attached bucket lift if there was a safety concern such as a lineman's lanyard not being securely attached to the bucket lift prior to its use. Mr. Nelson's safety lanyard was not secured to the bucket, As a result, when he leaned out to perform his work he fell through the overhead power lines and to the asphalt below. Despite the technology available to both Defendants' named in this matter, no safety feature alerting Mr. Nelson that his lanyard was not securely attached was installed on this

Date Filed 5/13/2022 5:15 PM
Superior Court - Bristol
Docket Number

truck. Mr. Nelson has suffered significant injuries from his fall, which would not have occurred if defendants employed the available safety technology. Accordingly, Mr. Nelson and his wife, Joelle Nelson, bring this action for damages.

## PARTIES

2.    Plaintiff, Jason R. Nelson ("Plaintiff-worker"), was and is a citizen and resident of the State of Rhode Island during all times relevant. He brings this action individually.

3.    Plaintiff, Joelle Nelson ("Plaintiff-spouse"), was and is a citizen and resident of the State of Rhode Island during all times relevant and also makes a claim for loss of consortium due to her husband's injury.

4.    Defendant, Navistar International ("Navistar"), is a Delaware Corporation with its principal place of business in Lisle, Illinois. At all relevant times it did business in Massachusetts.

5.    Defendant, Altec, Inc. ("Altec"), is a Domestic Corporation with its principle place of business in Birmingham, Alabama. At all relevant times it did business in Massachusetts.

## VENUE JURISDICTION

6.    Bristol County Superior Court is a proper venue for this action, since Plaintiff's injuries and Defendants' actions and selling of products which led to such injuries took place in the State of Massachusetts and Bristol County.

7.    Jurisdiction is proper in this Court because Plaintiffs are seeking damages in excess of twenty-five thousand dollars ($25,000) and Defendants' conduct giving rise to Plaintiffs' causes of action occurred in the State of Massachusetts. See M.G.L. c. 223A § 3.

8.    This Court has jurisdiction of this matter because the amount in controversy exceeds its jurisdictional minimum, exclusive of costs and interest. Moreover, this Court has jurisdiction over this matter and these Defendants because these Defendants have done business

2

in the State of Massachusetts, committed torts, in whole or in part, in the State of Massachusetts, and/or have continuing contacts with the State of Massachusetts resulting in Plaintiff Jason R. Nelson's injuries.

## **FACTUAL ALLEGATIONS**

9.      This is a personal injury case brought by Plaintiffs, Jason R. Nelson and his wife Joelle Nelson, for injuries caused by Plaintiff Jason R. Nelson's work as a first class lineman.

10.     At all material times thereto, technology was available to be installed that would alert a user if there was a safety concern prior to being lifted into the air in a bucket lift.

11.     At all material times thereto, this technology was available that would have alerted a user that the lanyard was not securely attached to his personal fall arrest system.

12.     The Altec AN50E-OC bucket attached to the International truck model 7400 did not have any technology that would have alerted a user that the lanyard was not securely attached to his personal fall arrest system.

13.     The above referenced technology was available to the manufacturer of the vehicle, Navistar International, and to the manufacturer of the attached bucket, Altec, Inc. both prior and at the time of Plaintiffs injuries.

14.     As a result of Defendants failure to implement this safety feature that was available to them and installed on other trucks leased and operated to National Grid, Plaintiff suffered severe permanent and ongoing injuries. Defendants researched, developed, designed, tested, manufactured, inspected, distributed, marketed, promoted, sold, and otherwise released into the stream of commerce their products, and in the course of the same, directly promoted or marketed the products to consumers or persons responsible for consumers, and therefore had a duty to warn of the risks associated with the use of their products.

3

15.   Plaintiff's use of the International Truck, Model 7400, was entirely foreseeable to Navistar International. Navistar does business with National Grid, Plaintiff's employer, by and through their sale of vehicles, including the International Truck model 7400 that caused Plaintiffs' injuries. Navistar expected and intended National Grid and their employees to use their vehicle, all the while knowing their vehicle was defective and would cause serious harm.

16.   Plaintiff's use of the Altec bucket system was entirely foreseeable to Altec. Altec does business with National Grid, Plaintiff's employer, by and through the installation of their buckets on their company owned vehicles, including the model that caused Plaintiff's injuries. Altec expected and intended National Grid and their employees to use their product, all while knowing their product was defective and would cause serious harm.

17.   Plaintiff Jason R. Nelson, and his wife Joelle Nelson, bring this suit for damages related to those injuries.

## CAUSES OF ACTION
### Count I: Breach of Warranty- Defective Design

18.   Plaintiffs restate and reallege their allegations contained in all paragraphs above as if fully set forth herein.

19.   At all material times thereto, International Truck Model 7400 was developed, designed, manufactured, inspected, labeled, distributed, marketed, promoted, sold and otherwise released into the stream of commerce. International Truck Model 7400 was unreasonably dangerous, and therefore defective. This product was defective as designed.

20.   At all material times thereto, the Altec bucket model number AN50E-OC was developed, designed, manufactured, inspected, labeled, distributed, marketed, promoted, sold and otherwise released into the stream of commerce. This bucket was unreasonably dangerous, and therefore defective. This product was defective as designed.

4

21.    As a manufacturer, both Defendants owed a duty to all persons to whom their product may foreseeably harm, including Mr. Nelson.

22.    Defendants had a further duty not to market any product which is unreasonably dangerous in design for its reasonably anticipated use.

23.    At all material times thereto, Defendants had a duty to design these products in a safe manner.

24.    By and through the manufacturing, sale, and/or placement of their products into the stream of commerce, Defendants warranted that their products are merchantable, safe, and fit for ordinary purposes.

25.    At all times material thereto, the International Truck, Model 7400, reached Plaintiff without substantial change in the condition in which it left the possession of the Defendant and was used in a manner for which the product could have reasonably been foreseen.

26.    At all times material thereto, the Altec bucket, model AN50E-OC, reached Plaintiff without substantial change in the condition in which it left the possession of the Defendant and was used in a manner for which it the product could have reasonably been foreseen.

27.    At all times material thereto, technology existed as the time that could have been installed on the International Truck Model 7400 that would have alerted the user of the bucket on that truck that the body belt with a lanyard was not securely attached to the bucket prior to the bucket being hoisted in the air.

28.    At all times material thereto, technology existed that could have been installed on the Altec AN50E-OC that could have alerted the user that the body belt with a lanyard was not securely attached to the bucket prior to the bucket being hoisted into the air.

Date Filed 5/13/2022 5:15 PM
Superior Court - Bristol
Docket Number

29.    The International Truck Model 7400 was defective when it entered the stream of commerce and used by Plaintiff because it failed to install a bucket on to the truck with the available technology of aletring a user of the bucket if the harness was not securely attached.

30.    The Altec bucket, model AN50E-OC was defective when it entered the stream of commerce because it failed to implement the available technology that would alert a user of the product if their harness was not securely attached prior to the bucket lifting into the air.

31.    At all material times thereto, this safety technology was a feasible alternative design to each Defendants' product.

32.    The safer alternative design would not have significantly interfered with the cost or performance of the products.

33.    At all times material thereto, safer alternatives existed, yet Defendants chose not to implement those features that would have eliminated the unreasonably dangerousness of the Products.

34.    The International Truck Model 7400 and Altec bucket model AN50E-OE were a cause of Plaintiffs physical, emotional and economic injuries and damages suffered.

35.    As a direct and proximate result of the actions and inactions taken by Defendants regarding the availability of safer technology in their products that could have prevented the injuries and damages, Plaintiff has sustained injuries including but not limited to: severe electrical burns to the neck, chest, legs, thighs, requiring multiple skin grafts, lacerations, contusion(s), acute kidney injury, myoglobinuria, paraplegia, and electrocution.

## Count II: Breach of Warranty- Defective Warning

**(Incorporating Strict Liability Principles as Set Forth in the Restatement (Third) of Torts)**

36.    Plaintiffs restate and reallege their allegations contained in all paragraphs above as if fully set forth herein.

Date Filed 5/13/2022 5:15 PM
Superior Court - Bristol
Docket Number

37.     Defendants researched, developed, designed, tested, manufactured, inspected, labeled, distributed, marketed, promoted, sold, and otherwise released into the stream of commerce their products, and in the course of the same, directly promoted or marketed the products to consumers or persons responsible for consumers, and therefore had a duty to warn of the risks associated with the use of each of their respective products.

38.     Plaintiff's use of the International Truck model 7400 with the Altec bucket model number AN50E-OC was foreseeable to both Defendants in this action. Defendants expected and intended workers such as Plaintiff to use their products despite their knowledge that these products were defective and would cause serious harm in the absence of the proper safety technology that was available to them at the time of Plaintiff's injuries.

39.     The International Truck model 7400 and Altec bucket model AN50E-OC were defective and unreasonably dangerous at the time they left possession of each Defendant. These products contained inadequate warnings, directions and technology to alert consumers to the dangerous risks associated with their products, specifically failing to warn them that a safer technology was available to be installed that would alert the consumer if his or her safety harness was not secured.

40.     Defendants had a continuing duty to warn consumers, including Plaintiff, that their products did not contain the safety features other, safer products had already implemented and utilized in the industry.

41.     As a direct and proximate result of the actions and inactions of Defendants as set forth above, Plaintiff sustained injuries including but not limited to: severe electrical burns to the neck, chest, legs, thighs, requiring multiple skin grafts, lacerations, scarring, contusion(s), acute kidney injury, myoglobinuria, paraplegia, and electrocution.

Date Filed 5/13/2022 5:15 PM
Superior Court - Bristol
Docket Number

## Count III: Negligence

42.     The plaintiffs restate and reallege their alleges contained in all paragraphs above as if fully set forth herein.

43.     On or about May 21, 2019, Plaintiff was working in his capacity as a first class lineman for National Grid.

44.     The defendants collectively and/or individually and/or by and through their employees, agents or servants researched, developed, designed, tested, manufactured, inspected, distributed, marketed, promoted, sold, and otherwise released into the stream of commerce their Products.

45.     The defendants collectively and/or individually and/or by and through their employees, agents or servants had a duty to the plaintiff, Jason R. Nelson, to exercise reasonable care and provide safe equipment for the plaintiff in reference to his occupation with National Grid.

46.     The defendants collectively and/or individually and/or by and through their employees, agents or servants were negligent in their research, development, design, tests, manufacturing, inspecting, distributing, marketing, promoting, and/or sale of their products. Said defendants, by and through their servants, agents and employees were negligent in their failure to exercise reasonable care and due care and to take the appropriate, necessary and available safety measures by including adequate and available safety technology in each of their respective products.

47.     As a direct and proximate result of the defendants negligence, the plaintiff suffered severe and permanent injuries, suffered and will in the future suffer great pain of body, nerves and nervous system, was rendered disabled, suffered a loss of wages and/or loss of earning capacity, has become and will continue to become liable to pay sums of money for medical and hospital attention and treatment that was caused by the defendants' negligence.

8

48.    At all material times hereto, and all times relevant hereto the plaintiff, Jason R. Nelson, exercised reasonable due care and was not negligent.

## Count IV: Failure to Warn

49.    Plaintiffs repeat and reallege all allegations contained in all paragraphs above as if fully set forth herein.

50.    At all material times thereto, Defendants had a duty to exercise reasonable care in providing adequate warnings and instructions relating to each of their respective products.

51.    Defendants breached their duty by failing to provide adequate warnings and instructions that their respective products did not contain the available safety technology that would alert the user if their safety lanyard was not securely attached prior to use.

52.    As a result of Defendants' failure to warn, Plaintiff was not alerted of the risks undertaken as a result of using Defendants products that failed to implement the available safety technology.

53.    As a result of Defendants' failure to warn,  the Altec bucket attached to the International truck manifested an unreasonable risk that the products would not perform safely and effectively for the purposes for which it was intended, and Defendants failed to design and/or manufacture against such dangers and failed to provide adequate warnings and instructions concerning the risk of not attaching the safety lanyard while in use of the bucket.

54.    Defendants expected and intended the International Truck model 7400 and Altec bucket model AN50E-OC to reach users such as Plaintiff in the condition in which the product was sold.

Date Filed 5/13/2022 5:15 PM
Superior Court - Bristol
Docket Number

55.  As a result of Defendants' failure to warn, Plaintiff was not alerted of the risks undertaken as a result of using Defendants' products which failed to implement the available safety technology and as a result has been severely injured.

56.  As a direct and proximate cause of Defendants' negligent failure to warn, as described herein, Plaintiff sustained injuries, including but not limited to: severe electrical burns to the neck, chest, legs, thighs, requiring multiple skin grafts, lacerations, scarring, contusion(s), acute kidney injury, myoglobinuria, paraplegia, and electrocution.

## Count V: Negligent Infliction of Emotional Distress

57.  Plaintiffs repeat and reallege all allegations contained in all paragraphs above as if fully set forth herein.

58.  At all times material thereto, Defendants had an ongoing duty to Plaintiff to warn him that their products were defective and safer technology was available that could alert him if his lanyard was not securely attached to the bucket prior to it being hoisted into the air with Plaintiff inside.

59.  As described above, Defendants negligently breached that duty and failed to warn Plaintiff that their products were defective and provide adequate warnings that their products did not contain this safety software.

60.  As a direct and proximate cause of Defendants reckless and/or negligence actions, Plaintiff suffered significant mental and/or emotional injury following his thirty-three and a half foot decent through the powerlines and on to the asphalt below.

## Count VI: Intentional Infliction of Emotional Distress

61.  Plaintiffs repeat and reallege all allegations contained in all paragraphs above as if fully set forth herein.

62.    At all material times thereto, Defendants knew, or should have known, that emotional distress was the likely result of their action or inaction to properly equip their products with adequate and available safety features, which could and did result in injury to the user of their product.

63.    Defendants' conduct was extreme and outrageous, beyond all possible bounds of decency, and was utterly intolerable in a civilized community.

64.    The actions and/or inactions of Defendants were the cause of Plaintiff's emotional distress.

65.    As a direct and proximate cause of the actions and/or inactions of Defendants, the emotional distress sustained by Plaintiff was severe and of a nature that no reasonable man should be expected to endure.

## **COUNT VII: Breach of Express Warranty**

66.    Plaintiffs repeat and reallege all allegations contained in all paragraphs above as if fully set forth herein.

67.    Defendant Navistar International made assurances to Plaintiff and/or his employer that the International Truck model #7400 was safe and reasonably fit for its intended purpose.

68.    Defendants Altec, Inc. made assurances to Plaintiff and/or his employer that the Altec bucket model AN50E-OC was safe and reasonably fit for its intended purpose.

69.    Plaintiff and his employer used both the International Truck model 7400 with the attached Altec, Inc. bucket model AN50E-OC based upon Defendants' warranties and representations regarding the safety and fitness of the products.

Date Filed 5/13/2022 5:15 PM
Superior Court - Bristol
Docket Number

70.     Plaintiff and his employer reasonably relied upon Defendants' express warranties and guarantees that their respective products were safe, merchantable, and reasonably fit for their intended purposes.

71.     Defendants knew, or should have known, that these representations were false and that Plaintiff and his employer would rely on them, leading to the dangerous, unmodified use of each respective product.

72.     At the time of Defendants' breach of express warranties, Plaintiff was unaware of the falsity of Defendants' statements and omissions and reasonably believed them to be true and complete.

73.     Defendants' breach of their express warranties resulted in Plaintiff being exposed to an unreasonably dangerous and defective product, placing Plaintiff's health and life in jeopardy.

74.     As a direct and proximate cause of the actions and/or inactions of Defendants as set forth above, Plaintiff sustained injuries including, but not limited to: severe electrical burns to the neck, chest, legs, thighs, requiring multiple skin grafts, lacerations, contusion(s), acute kidney injury, myoglobinuria, paraplegia, and electrocution.

## Count VIII: Breach of Implied Warranty

75.     Plaintiffs repeat and reallege all allegations contained in all paragraphs above as if fully set forth herein.

76.     Defendants impliedly warranted that their products were merchantable and fit for the ordinary purpose for which they were intended.

77.     When Plaintiffs operated the International Truck model 7400 and Altec bucket model AN50E-OC, Plaintiff did so in the form of using them for the ordinary purpose for which they were intended.

12

78.     Plaintiff, individually and/or by and through his employer national Grid, relied upon Defendants' implied warranty of merchantability in utilizing the products during the course of his work day.

79.     Defendants breached their implied warranty of merchantability because neither the International Truck model 7400 or Altec bucket model AN50E-OC were merchantable nor suited for their intended use as warranted.

80.     Defendants' breach of their implied warranty resulted in Plaintiff going about thirty-three and half feet up on the air in the Altec bucket attached to the International Truck.

81.     As a direct and proximate cause of Defendants' breach of implied warranty, as described herein, Plaintiff sustained injuries, including but not limited to: severe electrical burns to the neck, chest, legs, thighs, requiring multiple skin grafts, lacerations, scarring, contusion(s), acute kidney injury, myoglobinuria, paraplegia, and electrocution.

### Count IV: Strict Product Liability

82.     Plaintiffs repeat and reallege all allegations contained in all paragraphs above as if fully set forth herein.

83.     Defendants are strictly liable to Plaintiffs for their design, manufacture, distribution and/or sale of their products without the available technology that would have alerted a user of their product that the body belt with a lanyard was not securely attached to the Altec bucket model AN50E-OC installed on the International Truck model 7400.

84.     Defendants' failure to implement the available safety technology that was available at all times relevant and material thereto rendered their respective products unreasonably dangerous to Plaintiff.

Date Filed 5/13/2022 5:15 PM
Superior Court - Bristol
Docket Number

85.    The International Truck model 7400 and Altec bucket model AN50E-OC, at the time each left the possession of Defendants were inherently dangerous for their intended use and were unreasonably dangerous products to which each presented and constituted and unreasonable risk and danger to Plaintiff.

86.    At all times material thereto, the International Truck model 7400 and Altec bucket model AN50E-OC were substantially in the same condition as when they left the possession of each Defendant. The International Truck model 7400 and Altec bucket model AN50E-OC were being used in a manner reasonably anticipated at the time Plaintiff was working and utilizing both products.

87.    As a result of the lack of safety technology in each of the respective products described herein, Plaintiff suffered from including but not limited to: severe electrical burns to the neck, chest, legs, thighs, requiring multiple skin grafts, lacerations, scarring, contusion(s), acute kidney injury, myoglobinuria, paraplegia, and electrocution.

### Count X: Punitive Damages

88.    Plaintiffs repeat and reallege all allegations contained in all paragraphs above as if fully set forth herein.

89.    The acts and omissions of Defendants that were the direct and proximate cause of Plaintiffs' injuries were willful, malicious, wanton, undertaken with reckless disregards of the rights of Plaintiffs, and were grossly negligent.

90.    WHEREFORE, Plaintiffs demand judgment and punitive damages against the Defendants, jointly and severally, plus interest, costs, and whatever further relief this Honorable Court deems right and just.

### Count XI: Loss of Consortium

Date Filed 5/13/2022 5:15 PM
Superior Court - Bristol
Docket Number

91.    Plaintiffs repeat and reallege all allegations contained in all paragraphs above as if fully set forth herein.

92.    As a direct and proximate result of Defendants' negligence and conduct as detailed above, Plaintiff Joelle Nelson was caused to lose the consortium and society of her spouse, Plaintiff Jason R. Nelson.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request judgment in their favor against Defendants, and each of them, individually, jointly and severally, and Plaintiffs request compensatory damages, in a sum to confer jurisdiction upon this Court, together with interest in that amount at the legal rate from the date of filing of the complaint through judgment until paid, costs of suit, attorneys' fees, and all such other relief as this Court deems just and proper, as well as:

1. Compensatory damages to Plaintiffs for past, present, and future damages, including but not limited to, mental and physical pain and suffering for severe and permanent personal injuries sustained by Plaintiffs, health and medical care costs, lost wages, or income, and loss of earning capacity, together with interest and costs as provided by law;

2. Punitive damages;

3. Reasonable attorneys' fees;

4. The costs of these proceedings;

5. All ascertainable economic damages;

6. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: May 13, 2022

Respectfully submitted,

/s/Jonathan D. Orent
Jonathan D. Orent, BBO #660571
Robert J. McConnell, BBO#550625
Vincent L. Greene
**MOTLEY RICE LLC**
55 Cedar Street, Suite 100
Providence, RI 02903
Tel: 401-457-7700
Fax: 401-457-7708
jorent@motleyrice.com
bmcconnell@motleyrice.com
vgreene@motleyrice.com

16

## COMMONWEALTH OF MASSACHUSETTS

Bristol, SS                                                     Superior Court

JASON R. NELSON, and          :
JOELLE NELSON,                :
                 Plaintiffs,  :
                              :
v.                            :
                              :
NAVISTAR INTERNATIONAL CORP., :
f/k/a NAVISTAR HOLDING, INC., :
NAVISTAR INC,                 :
ALTEC, INC.,                  :
ALTEC INDUSTRIES, INC.,       :          C.A. No. 2273CV00349
ALTEC CORPARATION             :
ALTEC NORTHEAST, LLC          :
ASC TECHNICAL SERVICES CORP., :
f/k/a ALTEC SERVICE CORP.,    :
JOHN DOES 1-25 (fictitious),  :
JANE DOE CORPORATIONS 26-50   :
(ficticious),                 :
                              :
                 Defendants   :

### FIRST AMENDED COMPLAINT

COMES NOW Plaintiffs, Jason R. Nelson and Joelle Nelson, and allege as follows:

### INTRODUCTION

1.      Plaintiff Jason R. Nelson was an employee of National Grid. On or about May 21, 2019, he was working in Norton, Massachusetts in his capacity as a first-class lineman. He was lifted approximately thirty-three and a half (33.5) feet up in the air in an attached bucket lift, model number AN50E-OC. The bucket lift was attached to a Model 7400 Navistar International truck, manufactured in 2015. Despite the technology that was installed in other powerline trucks such as the one Mr. Nelson was working on, this specific truck lacked the available safety feature that would alert a user of the truck and/or attached bucket lift if there was a safety concern such as a

1

Date Filed 5/20/2022 4:48 PM
Superior Court - Bristol
Docket Number 2273CV00349

lineman's lanyard not being securely attached to the bucket lift prior to its use. Mr. Nelson's safety lanyard was not secured to the bucket, as a result, when he leaned out to perform his work he fell through the overhead power lines and to the asphalt below. Despite the technology available to Defendants named in this matter, no safety feature alerting Mr. Nelson that his lanyard was not securely attached was installed. Mr. Nelson suffered significant injuries from his fall, which would not have occurred if Defendants employed the available safety technology. Accordingly, Mr. Nelson and his wife, Joelle Nelson, bring this action for damages.

## PARTIES

2.    Plaintiff, Jason R. Nelson ("Plaintiff"), was and is a citizen and resident of the State of Rhode Island during all times relevant. He brings this action individually.

3.    Plaintiff, Joelle Nelson ("Plaintiff"), was and is a citizen and resident of the State of Rhode Island during all times relevant and also makes a claim for loss of consortium due to her husband's injury.

4.    Defendant, Navistar International Corporation, f/k/a. Navistar Holding, Inc. is a Foreign Corporation with its principal place of business in Lisle, Illinois. At all relevant times it did business in Massachusetts.

5.    Defendant Navistar, Inc., is a Foreign Corporation with its principal place of business in Lisle, Illinois. Upon information and belief, at all relevant times it did business in Massachusetts.

6.    Defendants Navistar International Corporation, f/k/a. Navistar Holding, Inc., and Navistar, Inc., are hereinafter referred to as "The Vehicle Defendants."

7.    Defendant, Altec, Inc., is a Domestic Corporation with its principal place of business in Birmingham, Alabama. At all relevant times it did business in Massachusetts.

Date Filed 5/20/2022 4:48 PM
Superior Court - Bristol
Docket Number 2273CV00349

8.    Defendant, Altec Industries, Inc., is a Foreign Business Corporation with its principal place of business upon information and belief in Birmingham, Alabama. Upon information and belief, at all relevant times it did business in Massachusetts.

9.    Defendant Altec Corporation, is a Foreign Business Corporation with its principal place of business upon information and belief in Richardson, Texas. Upon information and belief, at all relevant times it did business in Massachusetts

10.    Defendant Altec Northeast, LLC., is a Foreign Limited Liability Company with its principal place of business upon information and belief in Birmingham, Alabama. Upon information and belief, at all relevant times it did business in Massachusetts

11.    Defendant ASC Technical Services Corporation f/k/a Altec Service Corp., is a Foreign Business Corporation with its principal place of business upon information and belief in Richardson, Texas. Upon information and belief, at all relevant times it did business in Massachusetts

12.    Defendants Altec, Inc., Altec Industries, Inc., Altec Corporation, Altec Northeast, LLC., and ASC Technical Services Corporation f/k/a Altec Service Corp. are hereinafter collectively referred to as "The Bucket Lift Defendants."

13.    The true names and capacities, whether individual, corporate, associates or otherwise, of Defendants John Does 1-25, are unknown to Plaintiffs, who therefore sue Does as fictitious names. Plaintiff will amend their Complaint to show their true names and capacities when the same have been ascertained. These Defendants are included in the reference to "The Vehicle Defendants" and "The Bucket Lift Defendants," and any other unknown liable party.

14. The true names and capacities, whether individual, corporate, associates or otherwise, of Defendants Jane Doe Corporations 26-50, are unknown to Plaintiffs, who therefore sue Does as

Date Filed 5/20/2022 4:48 PM
Superior Court - Bristol
Docket Number 2273CV00349

fictitious names. Plaintiff will amend their Complaint to show their true names and capacities when the same have been ascertained. These Defendants are included in the reference to "The Vehicle Defendants" and "The Bucket Lift Defendants."

## VENUE JURISDICTION

15.    Bristol County Superior Court is a proper venue for this action, since Plaintiff's injuries and Defendants' actions and selling of products which led to such injuries took place in the State of Massachusetts and Bristol County.

16.    Jurisdiction is proper in this Court because Plaintiffs are seeking damages in excess of twenty-five thousand dollars ($25,000) and Defendants' conduct giving rise to Plaintiffs' causes of action occurred in the State of Massachusetts. See M.G.L. c. 223A § 3.

17.    This Court has jurisdiction of this matter because the amount in controversy exceeds its jurisdictional minimum, exclusive of costs and interest. Moreover, this Court has jurisdiction over this matter and these Defendants because these Defendants have done business in the State of Massachusetts, committed torts, in whole or in part, in the State of Massachusetts, and/or have continuing contacts with the State of Massachusetts resulting in Plaintiff Jason R. Nelson's injuries.

## FACTUAL ALLEGATIONS

18.    This is a personal injury case brought by Plaintiffs, Jason R. Nelson and his wife Joelle Nelson, for injuries caused by Plaintiff Jason R. Nelson's work as a first-class lineman.

19.    At all material times thereto, technology was available to be installed that would alert a user if there was a safety concern prior to being lifted into the air in a bucket lift.

20.    At all material times thereto, this technology was available that would have alerted a user that the lanyard was not securely attached to his personal fall arrest system.

4

Date Filed 5/20/2022 4:48 PM
Superior Court - Bristol
Docket Number 2273CV00349

21.   The bucket lift, model number AN50E-OC attached to the International truck model 7400 did not have any technology that would have alerted a user that the lanyard was not securely attached to his personal fall arrest system.

22.   The above-referenced technology was available to the manufacturer(s) of the vehicle and to the manufacturer(s) of the attached bucket lift, both prior to and at the time of Plaintiffs' injuries.

23.   As a result of Defendants' failure to implement this safety feature that was available to them and installed on other trucks operated by National Grid, Plaintiff suffered severe permanent and ongoing injuries. Defendants researched, developed, designed, tested, manufactured, inspected, distributed, marketed, promoted, sold, and otherwise released into the stream of commerce their products, and in the course of the same, directly promoted or marketed the products to consumers or persons responsible for consumers, and therefore had a duty to warn of the risks associated with the use of their products.

24.   Plaintiff's use of the International Truck, Model 7400, was entirely foreseeable to The Vehicle Defendants. These Defendants do business with National Grid, Plaintiff's employer, by and through their sale of vehicles, including the International Truck model 7400 that caused Plaintiffs' injuries. Defendants expected and intended National Grid and their employees to use their vehicle, all the while knowing their vehicle was defective and would cause serious harm.

25.   Plaintiff's use of The Bucket Lift Defendants' bucket system was entirely foreseeable to these Defendants. These Defendants do business with National Grid, Plaintiff's employer, by and through the installation of their buckets on the vehicles operated by National Grid, including the model that caused Plaintiff's injuries. These Defendants expected and intended

5

Date Filed 5/20/2022 4:48 PM
Superior Court - Bristol
Docket Number 2273CV00349

National Grid and their employees to use their product, all while knowing their product was defective and would cause serious harm.

26.     Plaintiff Jason R. Nelson, and his wife Joelle Nelson, bring this suit for damages related to those injuries.

## CAUSES OF ACTION

### Count I: Breach of Warranty- Defective Design

27.     Plaintiffs restate and reallege their allegations contained in all paragraphs above as if fully set forth herein.

28.     At all material times thereto, International Truck Model 7400 was developed, designed, manufactured, inspected, labeled, distributed, marketed, promoted, sold and otherwise released into the stream of commerce. International Truck Model 7400 was unreasonably dangerous, and therefore defective. This product was defective as designed.

29.     At all material times thereto, the bucket model number AN50E-OC was developed, designed, manufactured, inspected, labeled, distributed, marketed, promoted, sold and otherwise released into the stream of commerce. This bucket was unreasonably dangerous, and therefore defective. This product was defective as designed.

30.     As a manufacturer, both Defendants owed a duty to all persons to whom their product may foreseeably harm, including Mr. Nelson.

31.     Defendants had a further duty not to market any product which is unreasonably dangerous in design for its reasonably anticipated use.

32.     At all material times thereto, Defendants had a duty to design these products in a safe manner.

6

'Date Filed 5/20/2022 4:48 PM
. Superior Court - Bristol
Docket Number 2273CV00349

33.    By and through the manufacturing, sale, and/or placement of their products into the stream of commerce, Defendants warranted that their products are merchantable, safe, and fit for ordinary purposes.

34.    At all times material thereto, the International Truck Model 7400, reached Plaintiff without substantial change in the condition in which it left the possession of Defendants and was used in a manner for which the product could have reasonably been foreseen.

35.    At all times material thereto, the bucket model AN50E-OC, reached Plaintiff without substantial change in the condition in which it left the possession of Defendants and was used in a manner for which it the product could have reasonably been foreseen.

36.    At all times prior to the incident, technology existed that would have alerted the user of the bucket on that truck that the body belt with a lanyard was not securely attached to the bucket prior to the bucket being hoisted in the air.

37.    At all times material thereto, technology existed that could have been installed on the bucket model AN50E-OC that could have alerted the user that the body belt with a lanyard was not securely attached to the bucket prior to the bucket being hoisted into the air.

38.    The International Truck Model 7400 was defective when it entered the stream of commerce and used by Plaintiff because it failed to install a bucket onto the truck with the available technology of alerting a user of the bucket if the harness was not securely attached.

39.    The bucket lift model AN50E-OC was defective when it entered the stream of commerce because it failed to implement the available technology that would alert a user of the product if their harness was not securely attached prior to the bucket lifting into the air.

40.    At all material times thereto, this safety technology was a feasible alternative design to each Defendants' product.

7

Date Filed 5/20/2022 4:48 PM
Superior Court - Bristol
Docket Number 2273CV00349

41.     The safer alternative design would not have significantly interfered with the cost or performance of the products.

42.     At all times material thereto, safer alternatives existed, yet Defendants chose not to implement those features that would have eliminated the unreasonably dangerousness of the Products.

43.     The International Truck Model 7400 and bucket lift model AN50E-OE were a cause of Plaintiffs physical, emotional and economic injuries and damages suffered.

44.     As a direct and proximate result of the actions and inactions taken by Defendants regarding the availability of safer technology in their products that could have prevented the injuries and damages, Plaintiff has sustained injuries including but not limited to: severe electrical burns to the neck, chest, legs, thighs, requiring multiple skin grafts, lacerations, contusion(s), acute kidney injury, myoglobinuria, paraplegia, and electrocution.

## Count II: Breach of Warranty- Defective Warning
**(Incorporating Strict Liability Principles as Set Forth in the Restatement (Third) of Torts)**

45.     Plaintiffs restate and reallege their allegations contained in all paragraphs above as if fully set forth herein.

46.     Defendants researched, developed, designed, tested, manufactured, inspected, labeled, distributed, marketed, promoted, sold, and otherwise released into the stream of commerce their products, and in the course of the same, directly promoted or marketed the products to consumers or persons responsible for consumers, and therefore had a duty to warn of the risks associated with the use of each of their respective products.

47.     Plaintiff's use of the International Truck model 7400 with the bucket lift model number AN50E-OC was foreseeable to all Defendants in this action. Defendants expected and intended workers such as Plaintiff to use their products despite their knowledge that these products

8

Date Filed 5/20/2022 4:48 PM
Superior Court - Bristol
Docket Number 2273CV00349

were defective and would cause serious harm in the absence of the proper safety technology that was available to them at the time of Plaintiff's injuries.

48.    The International Truck model 7400 and bucket model AN50E-OC were defective and unreasonably dangerous at the time they left possession of the Defendant. These products contained inadequate warnings, directions and technology to alert consumers to the dangerous risks associated with their products, specifically failing to warn them that a safer technology was available to be installed that would alert the consumer if his or her safety harness was not secured.

49.    Defendants had a continuing duty to warn consumers, including Plaintiff, that their products did not contain the safety features other, safer products had already implemented and utilized in the industry.

50.    As a direct and proximate result of the actions and inactions of Defendants as set forth above, Plaintiff sustained injuries including but not limited to: severe electrical burns to the neck, chest, legs, and thighs, requiring multiple skin grafts, lacerations, scarring, contusion(s), acute kidney injury, myoglobinuria, paraplegia, and electrocution.

## Count III: Negligence

51.    The plaintiffs restate and reallege their alleges contained in all paragraphs above as if fully set forth herein.

52.    On or about May 21, 2019, Plaintiff was working in his capacity as a first-class lineman for National Grid.

53.    The defendants collectively and/or individually and/or by and through their employees, agents or servants researched, developed, designed, tested, manufactured, inspected, distributed, marketed, promoted, sold, and otherwise released into the stream of commerce their Products.

Date Filed 5/20/2022 4:48 PM
Superior Court - Bristol
Dosket Number 2273CV00349

54.   The defendants collectively and/or individually and/or by and through their employees, agents or servants had a duty to the plaintiff, Jason R. Nelson, to exercise reasonable care and provide safe equipment for the plaintiff in reference to his occupation with National Grid.

55.   The defendants collectively and/or individually and/or by and through their employees, agents or servants were negligent in their research, development, design, tests, manufacturing, inspecting, distributing, marketing, promoting, and/or sale of their products. Said defendants, by and through their servants, agents and employees were negligent in their failure to exercise reasonable care and due care and to take the appropriate, necessary and available safety measures by including adequate and available safety technology in each of their respective products.

56.   As a direct and proximate result of defendants' negligence, the plaintiff suffered severe and permanent injuries, suffered and will in the future suffer great pain of body, nerves and nervous system, was rendered disabled, suffered a loss of wages and/or loss of earning capacity, has become and will continue to become liable to pay sums of money for medical and hospital attention and treatment that was caused by the defendants' negligence.

57.   At all material times hereto, and all times relevant hereto the plaintiff, Jason R. Nelson, exercised reasonable due care and was not negligent.

### Count IV: Failure to Warn

58.   Plaintiffs repeat and reallege all allegations contained in all paragraphs above as if fully set forth herein.

59.   At all material times thereto, Defendants had a duty to exercise reasonable care in providing adequate warnings and instructions relating to each of their respective products.

Date Filed 5/20/2022 4:48 PM
Superior Court - Bristol
Docket Number 2273CV00349

60.     Defendants breached their duty by failing to provide adequate warnings and instructions that their respective products did not contain the available safety technology that would alert the user if their safety lanyard was not securely attached prior to use.

61.     As a result of Defendants' failure to warn, Plaintiff was not alerted of the risks undertaken as a result of using Defendants products that failed to implement the available safety technology.

62.     As a result of Defendants' failure to warn, the bucket attached to the International truck manifested an unreasonable risk that the products would not perform safely and effectively for the purposes for which it was intended, and Defendants failed to design and/or manufacture against such dangers and failed to provide adequate warnings and instructions concerning the risk of not attaching the safety lanyard while in use of the bucket.

63.     Defendants expected and intended the International Truck model 7400 and bucket lift model AN50E-OC to reach users such as Plaintiff in the condition in which the product was sold.

64.     As a result of Defendants' failure to warn, Plaintiff was not alerted of the risks undertaken as a result of using Defendants' products which failed to implement the available safety technology and as a result has been severely injured.

65.     As a direct and proximate cause of Defendants' negligent failure to warn, as described herein, Plaintiff sustained injuries, including but not limited to severe electrical burns to the neck, chest, legs, thighs, requiring multiple skin grafts, lacerations, scarring, contusion(s), acute kidney injury, myoglobinuria, paraplegia, and electrocution.

Date Filed 5/20/2022 4:48 PM
Superior Court - Bristol
Docket Number 2273CV00349

## Count V: Negligent Infliction of Emotional Distress

66.   Plaintiffs repeat and reallege all allegations contained in all paragraphs above as if fully set forth herein.

67.   At all times material thereto, Defendants had an ongoing duty to Plaintiff to warn him that their products were defective and safer technology was available that could alert him if his lanyard was not securely attached to the bucket prior to it being hoisted into the air with Plaintiff inside.

68.   As described above, Defendants negligently breached that duty and failed to warn Plaintiff that their products were defective and provide adequate warnings that their products did not contain this safety software.

69.   As a direct and proximate cause of Defendants' reckless and/or negligence actions, Plaintiff suffered significant mental and/or emotional injury following his thirty-three and a half foot descent through the powerlines and onto the asphalt below.

## Count VI: Intentional Infliction of Emotional Distress

70.   Plaintiffs repeat and reallege all allegations contained in all paragraphs above as if fully set forth herein.

71.   At all material times thereto, Defendants knew, or should have known, that emotional distress was the likely result of their action or inaction to properly equip their products with adequate and available safety features, which could and did result in injury to the user of their product.

72.   Defendants' conduct was extreme and outrageous, beyond all possible bounds of decency, and was utterly intolerable in a civilized community.

Date Filed 5/20/2022 4:48 PM
Superior Court - Bristol
Docket Number 2273CV00349

73.    The actions and/or inactions of Defendants were the cause of Plaintiff's emotional distress.

74.    As a direct and proximate cause of the actions and/or inactions of Defendants, the emotional distress sustained by Plaintiff was severe and of a nature that no reasonable man should be expected to endure.

## COUNT VII: Breach of Express Warranty

75.    Plaintiffs repeat and reallege all allegations contained in all paragraphs above as if fully set forth herein.

76.    The Vehicle Defendants made assurances to Plaintiff and/or his employer that the International Truck model 7400 was safe and reasonably fit for its intended purpose.

77.    The Bucket Lift Defendants made assurances to Plaintiff and/or his employer that the bucket model AN50E-OC was safe and reasonably fit for its intended purpose.

78.    Plaintiff and his employer used both the International Truck model 7400 with the attached bucket model AN50E-OC based upon Defendants' warranties and representations regarding the safety and fitness of the products.

79.    Plaintiff and his employer reasonably relied upon Defendants' express warranties and guarantees that their respective products were safe, merchantable, and reasonably fit for their intended purposes.

80.    Defendants knew or should have known, that these representations were false and that Plaintiff and his employer would rely on them, leading to the dangerous, unmodified use of each respective product.

13

Date Filed 5/20/2022 4:48 PM
Superior Court - Bristol
Docket Number 2273CV00349

81.     At the time of Defendants' breach of express warranties, Plaintiff was unaware of the falsity of Defendants' statements and omissions and reasonably believed them to be true and complete.

82.     Defendants' breach of their express warranties resulted in Plaintiff being exposed to an unreasonably dangerous and defective product, placing Plaintiff's health and life in jeopardy.

83.     As a direct and proximate cause of the actions and/or inactions of Defendants as set forth above, Plaintiff sustained injuries including, but not limited to: severe electrical burns to the neck, chest, legs, and thighs, requiring multiple skin grafts, lacerations, contusion(s), acute kidney injury, myoglobinuria, paraplegia, and electrocution.

## Count VIII: Breach of Implied Warranty

84.     Plaintiffs repeat and reallege all allegations contained in all paragraphs above as if fully set forth herein.

85.     Defendants impliedly warranted that their products were merchantable and fit for the ordinary purpose for which they were intended.

86.     When Plaintiff operated the International Truck model 7400 and bucket lift model AN50E-OC, Plaintiff did so in the form of using them for the ordinary purpose for which they were intended.

87.     Plaintiff, individually and/or by and through his employer National Grid, relied upon Defendants' implied warranty of merchantability in utilizing the products during the course of his workday.

88.     Defendants breached their implied warranty of merchantability because neither the International Truck model 7400 nor bucket model AN50E-OC were merchantable or suited for their intended use as warranted.

14

Date Filed 5/20/2022 4:48 PM
Superior Court - Bristol
Docket Number 2273CV00349

89.   Defendants' breach of their implied warranty resulted in Plaintiff going about thirty-three and half feet up in the air in the bucket attached to the International Truck.

90.   As a direct and proximate cause of Defendants' breach of implied warranty, as described herein, Plaintiff sustained injuries, including but not limited to: severe electrical burns to the neck, chest, legs, and thighs, requiring multiple skin grafts, lacerations, scarring, contusion(s), acute kidney injury, myoglobinuria, paraplegia, and electrocution.

## Count IV: Strict Product Liability

91.   Plaintiffs repeat and reallege all allegations contained in all paragraphs above as if fully set forth herein.

92.   Defendants are strictly liable to Plaintiffs for their design, manufacture, distribution and/or sale of their products without the available technology that would have alerted a user of their product that the body belt with a lanyard was not securely attached to the bucket model AN50E-OC installed on the International Truck model 7400.

93.   Defendants' failure to implement the available safety technology that was available at all times relevant and material thereto rendered their respective products unreasonably dangerous to Plaintiff.

94.   The International Truck model 7400 and bucket model AN50E-OC, at the time each left the possession of Defendants were inherently dangerous for their intended use and were unreasonably dangerous products to which each presented and constituted and unreasonable risk and danger to Plaintiff.

95.   At all times material thereto, the International Truck model 7400 and bucket lift model AN50E-OC were substantially in the same condition as when they left the possession of each Defendant. The International Truck model 7400 and bucket model AN50E-OC were being

15

Date Filed 5/20/2022 4:48 PM
Superior Court - Bristol
Docket Number 2273CV00349

used in a manner reasonably anticipated at the time Plaintiff was working and utilizing both products.

96.    As a result of the lack of safety technology in each of the respective products described herein, Plaintiff suffered from including but not limited to severe electrical burns to the neck, chest, legs, and thighs, requiring multiple skin grafts, lacerations, scarring, contusion(s), acute kidney injury, myoglobinuria, paraplegia, and electrocution.

## Count X: Punitive Damages

97.    Plaintiffs repeat and reallege all allegations contained in all paragraphs above as if fully set forth herein.

98.    The acts and omissions of Defendants that were the direct and proximate cause of Plaintiffs' injuries were willful, malicious, wanton, undertaken with reckless disregards of the rights of Plaintiffs, and were grossly negligent.

99.    WHEREFORE, Plaintiffs demand judgment and punitive damages against the Defendants, jointly and severally, plus interest, costs, and whatever further relief this Honorable Court deems right and just.

## Count XI: Loss of Consortium

100.    Plaintiffs repeat and reallege all allegations contained in all paragraphs above as if fully set forth herein.

101.    As a direct and proximate result of Defendants' negligence and conduct as detailed above, Plaintiff Joelle Nelson was caused to lose the consortium and society of her spouse, Plaintiff Jason R. Nelson.

16

Date Filed 5/20/2022 4:48 PM
Superior Court - Bristol
Docket Number 2273CV00349

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request judgment in their favor against Defendants, John Does 1-25 and Jane Doe Corporations 25-50, and each of them, individually, jointly and severally, and Plaintiffs request compensatory damages, in a sum to confer jurisdiction upon this Court, together with interest in that amount at the legal rate from the date of filing of the complaint through judgment until paid, costs of suit, attorneys' fees, and all such other relief as this Court deems just and proper, as well as:

1. Compensatory damages to Plaintiffs for past, present, and future damages, including but not limited to, mental and physical pain and suffering for severe and permanent personal injuries sustained by Plaintiffs, health and medical care costs, lost wages, or income, and loss of earning capacity, together with interest and costs as provided by law;

2. Punitive damages;

3. Reasonable attorneys' fees;

4. The costs of these proceedings;

5. All ascertainable economic damages;

6. Such other and further relief as this Court deems just and proper.

Date Filed 5/20/2022 4:48 PM
Superior Court - Bristol
Docket Number 2273CV00349

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: May 20, 2022

Respectfully submitted,

/s/ Jonathan D. Orent

Jonathan D. Orent, BBO #660571
Robert J. McConnell, BBO#550625
Vincent L. Greene
**MOTLEY RICE LLC**
55 Cedar Street, Suite 100
Providence, RI 02903
Tel: 401-457-7700
Fax: 401-457-7708
jorent@motleyrice.com
bmcconnell@motleyrice.com
vgreene@motleyrice.com

18

*5.*

BRISTOL,SS SUPERIOR COURT
          FILED

**COMMONWEALTH OF MASSACHUSETTS**

BRISTOL,SS JUL 22 2022

JENNIFER A. SULLIVAN, ESQ.
CLERK / MAGISTRATE

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2273CV00349

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

JASON R. NELSON and JOELLE NELSON

PLAINTIFFS

v.

NAVISTAR INTERNATIONAL CORPORATION, ET AL.

DEFENDANTS

MOTION FOR APPOINTMENT

OF SPECIAL PROCESS SERVER

UNDER RULE 4

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The plaintiff moves pursuant to Rule 4, 4.1, and 4.2 of the Massachusetts Rules of Civil Procedure, this court appoint Harold L. March, Constable, dba March, Whitcomb & Associates, qualified and knowledgeable in the service of court process, and/or any of its employees or servants as process server in this matter. The undersigned swears to the best of their knowledge and belief the person to be appointed is over eighteen years of age, and not an interested party in this case.

/s/ *Jonathan D. Orent*
Jonathan D. Orent
jorent@motleyrice.com
BBO# 660571
Motley Rice LLC
55 Cedar St., Suite 100
Telephone: 401-457-7700
Fax: 401-457-7708

**ORDER OF THE COURT APPOINTING SPECIAL PROCESS SERVER**

This action came on for hearing before the Court, _____ presiding, upon Plaintiff's Motion for Appointment of a person to serve process, and thereupon, upon consideration thereof, it is ordered and adjudged: that Harold L. March, Constable, dba March, Whitcomb & Associates, and/or any of its employees or servants are appointed Special Process Server for the express purpose of serving any and all process in this action pursuant to Massachusetts Rule 4 of Civil Procedure.

By:_____

Date:_____          Title:_____